### SEARS vs. PATRICK and others.

An *assignee* of all the *choses in action* of another, cannot maintain an action against a party to
recover the surplus of moneys received by the latter on a note transferred to him by the
*assignor*, as collateral security for the payment of a debt due to him, without *previous notice*
of the assignment, and a *demand* of such surplus.

*It seems*, had there been notice and demand, that the defendant could not have *set-off* a note
given by a firm of which the *assignor* was a partner, although the notes and accounts of the
firm had been transferred to him and he had undertaken to pay the debts of the firm. The
case would not be within the statute of set-offs.

THIS was an action of *assumpsit*, tried at the Saratoga circuit in June,
1838, before the Hon. JOHN WILLARD, one of the circuit judges.

*William C. Grassie* and *David Caldwell* had been partners under the
firm of W. C. Grassie & Co. The partnership was dissolved in November,
1831, when Grassie took all the notes and accounts, and agreed to pay all
the debts of the firm. The defendants, *Patrick, Gardner & Co.* held
Grassie's note dated March 1, 1831, for $226,12, payable to their order
ninety days after date. Grassie held a note dated November 17, 1831, for
$317,09, made by Abiram Fellows and another, payable to the order of
W. C. Grassie & Co. six months after date. On the 24th January, 1832,
Grassie delivered this note to the defendants, who gave him a receipt sta-
ting that they received it as collateral security for the payment of Grassie's
note of March 1, 1831. On the 16th April, 1832, Grassie as-
[ 529 ]    signed all his property and *choses in action to the plaintiff. Sub-
sequent to this time, the note given by Fellows, which the defen-
dants held as collateral security, was fully paid to them. The amount re-
ceived was sufficient to satisfy Grassie's note to the defendants, and to leave
in their hands, including interest, a surplus of $102,50. This sum the
plaintiff claimed to recover. The defendants moved for a *nonsuit*, on the
ground that the action should have been brought in the name of Grassie,
and that the plaintiff could not recover without proving a promise by the
defendants to pay him. This motion was overruled. The defendants also
insisted that the plaintiff could not recover without proving that the defend-
ants had *notice* of the assignment from Grassie to the plaintiff, or showing a

*demand* of the money before suit brought. This objection was also overruled. The defendants then offered in evidence a note dated April 19, 1831, for $67,17, made by W. C. Grassie & Co. and payable to the defendants on demand, with interest. The plaintiff objected to the evidence on the ground that the note, being the partnership debt of Grassie & Co. could not be set off against this demand, and also that the note was inadmissible by the terms of the receipt which the defendants had given for the Fellows note, on taking it as collateral security. The judge sustained the objection and excluded the evidence. Verdict for plaintiff for $102,50, subject to the opinion of the court on a case. The defendants moved for a new trial.

*G. Palmer & D. Buel, jun.* for defendants.

*R. B. Kimball,* for plaintiff.

*By the Court,* BRONSON, J. The pleadings do not appear, but as no objection was made to the form of the action, it may be presumed that the declaration contained the money counts. Independent of the question of set-off, the enquiry is, whether the balance of the money received by the defendants after satisfying their note against Grassie, may be regarded, in law, and so much money had and received to the plaintiff's use.

The money was received by the defendants *after Grassie had [ *530 ] made a general assignment to the plaintiff, and if notice of that transfer had been given to the defendants, this action for money had and received to the plaintiff's use, could, I think, have been supported. It is, in principle, much like the cases of *Weston* v. *Barker,* 12 *Johns. R.* 276, and *Taylor* v. *Bates,* 5 *Cowen,* 376. Although the assignee of a chose in action cannot, in general, sue in his own name, without showing an express promise, upon sufficient consideration, to pay him, yet under certain circumstances the law will imply a promise to pay over moneys received, to the assignee of the person originally entitled. But I do not see how a promise can be implied to pay the assignee, until the debtor has notice of the assignment.

When the action is upon a negotiable note or bill of exchange, the endorsee or bearer need not show that notice of his title was given before suit brought. There is a privity of contract between him and the debtor. The promise is to pay any person into whose hands the bill or note may pass. But when the contract is not negotiable, there is not and cannot be any privity of contract between the assignee and the debtor, until the latter has notice of the assignment. A promise will sometimes be implied, although it may be quite clear that none was in fact made, as where the defendant has received money which in equity and good conscience belongs to the plaintiff. But the defendant must know that the plaintiff is the person entitled to the money, before the law will imply a promise to pay him. If this is not universally true, it is at least the proper rule where the plaintiff claims as as-

signee. It would be pushing this equitable action quite too far to imply a promise to pay the assignee, and subject the debtor to an action before he has been advised of the plaintiff's claim.

II. We think, also, that there should have been a demand. In relation to the surplus money after satisfying Grassie's debt, the defendants were trustees, and if they had done no act amounting to a violation of their trust, they should have been put in the wrong by showing a request to pay or remit before suit brought. *Ferris* v. *Paris*, 10 *Johns. R.* 285. [ *531 ] *Taylor* v. *Bates*, 5 *Cowen*, 376. *Jefferies* v. *Sheppard*, *3 *Barn. & Ald.* 696. *Cooley* v. *Betts*, decided the present term.

III. The set off was properly rejected. Although the Fellows note, on which the money, was received, was payable to Grassie & Co., it had been transferred to and was the individual property of Grassie at the time he delivered it to the defendants. They received the surplus money to the use of Grassie, and could not retain it, without his consent to pay the debt of Grassie & Co. ; and besides, the case is not within the statute of set offs. 2 *R. S.* 354, § 18.

The verdict was taken subject to the opinion of the court on a case ; and although, in strictness, the defendants are entitled to judgment, we think there should be a new trial.

New trial granted.