MARC CAUSSIDIERE v. GEORGE W. BEERS.

Where a clerk to whom moneys of his employer have been intrusted used
and lost the same at a gambling house: *Held,* that an action for moneys
had and received, could be maintained by the employer of such clerk,
against the proprietor of the gambling house where such moneys were
lost.

*John H. Reynolds,* for the plaintiff.

*James E. Beers,* for the defendant.

BROWN, J.   The plaintiff's action is brought to recover
money of the plaintiff alleged to have been lost by one
Eugene Delonne, a clerk in his employment, at a gambling
table, of which the defendant was the proprietor.

The complaint alleged that on divers days between the
26th day of April and the 3d day of July, 1857, one Eugene
Delonne, a clerk of the plaintiff, unlawfully lost at play, and
the defendant won at play and received from Delonne, cer-
tain bank-notes or bills and moneys, the property of the
plaintiff; and that Delonne never had or received from the
defendant, and the defendant never gave him, any value or
valuable consideration therefor.   That the plaintiff demanded
all such bank-notes, bills and moneys from the defendant, who
refused to deliver the sum to him, but wrongfully retains the
same.   The answer denied all the allegations of the com-
plaint.   At the trial in the New York Common Pleas, before
Judge BRADY, without a jury, the defendant moved to dis-
miss the complaint upon the ground that no action could be
maintained to recover money won at play by any person but
the loser, and that such action by the loser was founded
solely on the statute against "betting and gaming."   The
motion was denied and the defendant excepted.

The plaintiff then proved that the defendant kept a gam-
bling house, 92 Prince street, in the city of New York.   That
Delonne was a clerk in the employment of the plaintiff, who
was a jeweler.   That Delonne was intrusted at different

times with the money of the plaintiff in the transaction of his business, including, at one time, $476 to pay a note, with which money he played the game of faro with the defendant, at his house, between the 27th April and the 2d July, 1857, and lost to the defendant in all amounting to the sum of $587. He played with the defendant, and generally the defendant was present, and heard it stated in the presence and hearing of the defendant that he was the proprietor and kept the house. It was also proved that before the commencement of the action, the money was demanded of the defendant in behalf of the plaintiff, and payment refused. The defendant offered no evidence, but at the close of the plaintiff's evidence renewed his motion to dismiss the complaint, which was again denied. Judgment was thereupon rendered for the plaintiff, which was afterwards affirmed at the General Term, and the defendant appealed to this court.

*Meech* v. *Stoner* (19 N. Y., 26) determines that money lost in gaming is assignable as other choses in action, and the right to prosecute given to the losing party is not a mere personal privilege which is unavailable by any one to whom he may have transferred the claim. The principle upon which the decision rests is, that the transaction is utterly void, and the winner obtains thereby no title in himself to the money won, but the inability of the loser to recover the money back is based upon another maxim of the common law, which withholds remedial process from the offending parties, and when both are equally guilty, the better condition is that of the defendant. The learned judge who delivered the opinion, thinks the fourteenth section of the statute which literally gives the right of action to the loser, if exercised within a given time, does not so much create a right of action as it removes an obstacle which the common law placed in the way of his recovery. He quotes in support of his opinion *Turner* v. *Warren* (2 Strange, 1079), where it was held the action given by the statute of Anne was not in the nature of a penal action, because the defendant was debtor to the plaintiff. Also, *Bones* v. *Booth* (2 Wm. Black., 1226), where it was observed, " the statute makes the winning

£10 at any one time or sitting, a nullity, and therefore, gives the loser an action to recover back what still properly continues to be his own money." Also, *Brandon and others* v. *Pate* (2 Hen. Black., 308), where the loser became bankrupt, and his assignees were allowed to recover back the money lost as a part of his estate. Had the money lost in the present case been the proper money of Delonne, the cases referred to show that the winner obtained no title as against the loser, or those claiming as his assignees or creditors, but the same would still have remained the money of the latter to be recovered in the action for money had and received. It remains to consider what are the relations of the plaintiff to the defendant in respect of this money, and whether they are such as give him a right of action to recover back what was undoubtedly his own.

The plaintiff was not known to the defendant in the transaction by which the money changed hands. He did not deal with the plaintiff, nor was he aware the money which he won from Delonne was the money of the plaintiff until just before the commencement of the action. There was no actual privity between them. In order to maintain the common count for money had and received, however, it is not always necessary there should have been an express privity of contract between the plaintiff and the defendant. There need be no privity of contract except that which results from one man having another's money, which he has not a right, conscientiously, to retain. (Chitty on Contracts, 605, 5th ed.) The defendant has obtained the plaintiff's money by a process condemned by law as illegal and unjust, and can have no conscientious or equitable claim to retain it. He parted with nothing when he received it, and should he restore it to the true owner, he is no worse off than he was before the transaction with Delonne. The most favorable point of view in which he can be regarded is that of one who has accidentally found the money of another, which he is bound, upon the plainest rules of morality, to restore. This view is in conformity with the principle alluded to in *Pierce* v. *Craft* (12 Johns., 90), where it is said: "It is not true that the action

for money had and received can only be grounded on privity of contract. It lies against the finder of money lost. It is the proper action to recover money obtained by fraud and deceit." In *Rapalje et al.* v. *Emory* (2 Dall., 51, 54), it is said that privity of contract is essential to maintain the action for money had and received, with this qualification, "unless there has been *mala fides*, that is, an unjust receipt of the money, or at least a receipt of it without a valuable consideration." *Mason* v. *Waite* (17 Mass., 560), was quite like the present case. The plaintiff delivered to one Sargent, a carrier or stage driver, between Gloucester and Boston, $150 in bank-bills to carry to Boston, put up by themselves in a separate parcel. The defendant and another kept a faro table at the latter place, where the money, together with the money of others, was lost to the defendant and the other owner of the table. The jury found a verdict for the plaintiff, which the court refused to set aside, at the same time saying: "As to any want of privity or any implied promise, the law seems to be that where one receives the money of another and has not a right conscientiously to retain it, the law implies a promise that he will pay it over." In *Calland* v. *Loyd and others* (6 Mees. & Wels., 26,) the plaintiff gave his wife a sum of money to take care of for him. Without the plaintiff's knowledge she took part of the money, a £50 Bank of England note, and deposited it in the defendants' hands in the name of her infant son by a former marriage, taking a receipt in his name, bearing interest. When the plaintiff discovered the fact, he demanded the money from the defendants, which they refused to pay, and he then brought his action to recover it. The defendants contended that having received the money upon a contract with another, the plaintiff could not recover it as money received for his use. The judge thought otherwise, and a verdict was found for the plaintiff, which the court were afterward moved to set aside and refused, holding that there was no contract with another person to bind the defendants; that the wife was not the agent of the husband, nor had she any right to make a deposit for the infant who could give her no authority. These authorities

seem to me to be decisive of the rule, that where one receives the money of another, and has not the right conscientiously to retain it, a privity between the true owner and the receiver will be implied as well as a promise to repay it.

The judgment of the Common Pleas should be affirmed.

All concur.

Affirmed.