## STEPHENS v. BOARD OF EDUCATION OF BROOKLYN.

*Title — to money obtained upon forged instrument does not vest in transferee not parting with value. Demand — when necessary.*

One G. upon a forged bond and mortgage obtained from plaintiff a sum of money which he paid to defendant in satisfaction of an antecedent debt. *Held,* that defendant, not having parted with value, had no better title to the money than G., and plaintiff was entitled to recover the same.

*Held,* also, that a demand was a condition precedent to the commencement by plaintiff of an action against defendant to recover the money.

APPEAL by defendant from an order at special term overruling a demurrer to the complaint.

The action was brought by Stephen D. Stephens against the Board of Education of the City of Brooklyn to recover money which had been loaned by plaintiff to one Gill upon a forged bond and mortgage, and by Gill paid to defendant. The facts fully appear in the opinion.

*Britton, Ely & Snell,* for appellant, upon the question of title, cited *Matter of Franklin Bank,* 1 Paige, 249; *Commercial Bank* v. *Hughes,* 17 Wend. 94; *Graves* v. *Dudley,* 20 N. Y. 76; *Marsh* v. *Oneida Bank,* 34 Barb. 298; *Ætna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82; *Williams* v. *Everett,* 14 East, 582; *Stephens* v. *Badcock,* 3 B. & Ad. 354; *Pierce* v. *Crafts,* 12 Johns. 90; *Rapelje* v. *Emory,* 2 Dall. 51.

*Alonzo C. Farnham,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

BRADY, J. This action was brought to recover a sum of money received under the following circumstances: William L. Gill, being a member of the board of education of the city of Brooklyn, and while acting as its agent, received and embezzled certain of its moneys. In December, 1871, Gill, upon a forged bond and mortgage which he knew to be such, obtained from the plaintiff a sum of money, namely, $4,129.34, and deposited the same in the City National Bank to his credit immediately, and upon the 21st of December, 1871. He had at the time of the deposit to his credit the sum of $17, or thereabouts. Upon depositing the amount, as stated, he drew his check in favor of the defendant for the sum of $3 600, which was deposited to its credit by its secretary, and on the 23d of December paid to the bank in which it had been deposited by him. These facts are all abundantly set out in the complaint, to which the defendant demurs.

The demurrer was overruled at special term, and chiefly upon the authority of the case of *Causidiere* v. *Beers,* 2 Keyes, 198. The facts in that case were these: The plaintiff intrusted money of his to a clerk, and the latter, having gone to the gambling house of the defendant, lost it at play. The action was sustained and the plaintiff had judgment. In that case it was apparent that the defendant obtained the money by a process condemned as unlawful and unjust, and had no conscientious or equitable claim to retain it. In this case the defendant received it in an apparently proper mode, in the payment of a just claim, having no share in or notice of the illegal manner in which it was obtained from the plaintiff. The cases cannot rest precisely, therefore, on the same foundation.

The question is not, however, whether the defendants received it in an unlawful manner, but whether, having received it in form in a legal manner, it can be withheld against the plaintiff, from whom it has been stolen, and this question, though it may not be determined by adjudications precisely similar, can be disposed of on principles decided in analogous cases. The defendant's debtor, Gill, never had any right, title, or interest in the money. It belonged to the plaintiff as long as Gill held it. He passed it away to the defendants in payment of a precedent debt, there being no evidence that the debt was discharged or any security parted from by them. It was not received, therefore, for a valuable consideration, within the law merchant, as applied to negotiable promissory notes, so as to shut out existing equities. *Lawrence* v. *Clark,* 30

N. Y. 128. A holder can claim protection from the defense of a party whose negotiable paper has been obtained by fraud only in case he has parted with value or suffered some injury from it. *Cardwell* v. *Hicks*, 37 Barb. 458.

It was, as said in *Rapelje* v. *Emory*, 2 Dall. 51, 54, a receipt of money unjustly given to them, or at least without a valuable consideration. If an equal amount in value of personal property obtained in the same felonious way had been delivered to the defendant, there is no doubt that it could be recovered by the owner in an action brought for that purpose. *Saltus* v. *Everett*, 20 Wend. 267; *Brower* v. *Peabody*, 13 N. Y. 121. The defendant having given nothing for it, and their debtor, Gill, having no title to it, the defendant should not be permitted to retain it.

The case of *Causidiere* v. *Beers* sustains this principle. The business of the defendant in that cause was illegal, it is true, and he acquired no title to any money obtained through its agencies, but the defendant in legal effect as to the title stands upon precisely the same basis. It took the money innocently but without consideration, and as against the plaintiff acquired no right to retain it. It is in no better position than if it had been in the form of a note. In the case of *Callam* v. *Loyd*, 6 Mees. & Welsb. 26, cited in *Causidiere* v. *Beers*, the plaintiff gave a sum of money to his wife to keep for him. Without his knowledge she took part of the money, a £50 Bank of England note, and deposited it in the defendant's hands in the name of her infant son by a former marriage, taking a receipt in his name bearing interest. The plaintiff, when he discovered the fact, demanded the money, which the defendant refused to pay, and he commenced an action. He recovered, and the judgment was sustained.

"These authorities," said BROWN, J., in *Causidiere* v. *Beers*, in concluding his opinion, "seem to me to be decisive of the rule that where one receives the money of another, and has not the right conscientiously to retain it, a privity between the true owner and the receiver will be implied, as well as a promise to repay it." This is such a case. The defendant has not the right conscientiously to retain the plaintiff's money and it ought to repay it.

It does not appear, however, that any demand was made of the money by the plaintiff before this action was brought. No demand is alleged in the complaint. The question arising upon that subject is not alluded to by the learned justice in his opinion delivered

at special term, and is not discussed by the plaintiff in his points. I do not understand that the defendants owed any duty to the plaintiff until notice of his claim and a demand. The contract, as said in *Sears* v. *Patrick,* 23 Wend. 528, was not negotiable, and there is not and cannot be any privity of contract between the assignee and the debtor until the latter has notice of the assignment. The defendant must know that the plaintiff is entitled to the money, as also said in that case, before the law will imply a promise to pay him. I think the cases analogous on the necessity of a demand. The defendant was entitled to know of the plaintiff's claim and title before any obligation to him was created. In the cases of *Callam* v. *Loyd,* and *Causidiere* v. *Beers,* the demand was, it would seem, regarded as necessary to the right of action, for it was made in each of those cases as appears by the reports.

The order made at special term must, for this reason, be reversed, and judgment given for the defendant on the demurrer, with liberty to the plaintiff to amend in twenty days on the payment of the costs of the demurrer and of this appeal.

*Ordered accordingly.*