STEPHENS, appellant, *v.* HARTLEY, respondent.

JURISDICTION. Residence or service of summons is not necessary to confer jurisdiction over the person of defendant, where there is a voluntary appearance and answer. The district courts of the Territory are courts of general jurisdiction, and unless the contrary affirmatively appears, jurisdiction will be presumed, and appearance and answer waive all objections on the score of non-residence or non-service of summons.

PRACTICE — *pledge — settlement — demand.* An action for money had and received will not lie by a pledgor against a pledgee, with power to sell until after settlement, and a demand of payment for balance found due. Where dispute arises as to the amount applicable for interest out of the avails of pledged securities, an action for accounting is the proper remedy.

*Appeal from Second District, Missoula County.*

A. E. MAYHEW and JOHNSTON & TOOLE, for appellant.

SHARP & NAPTON, for respondent.

WADE, C. J. This is an action for money had and received. The pleadings and proofs exhibit this state of facts: The plaintiff, October 21st, 1869, executed and delivered to the defendant his promissory note for $1,250, payable August 1st, 1870, and at the same time delivered to the defendant certain county warrants and money orders, as collateral security to the note, which, by an agreement between the parties, the defendant was to collect, as they became due, and apply the proceeds upon the note, which was done.

The plaintiff, claiming that more money was so applied than lawfully became due upon the note, brings this action to recover back what was so misapplied.

The defendant is a non-resident, and no personal service was had upon him. No writ of attachment was issued in the case, by which any property of defendant was reached. No demand was made by plaintiff before commencing the action. The defendant appeared and answered the complaint and a trial was had.

The defendant, upon these facts, insists: First. That no judgment *in personam* or *in rem* can be rendered against him, because he is a non-resident, and was not served with summons; and no prop-

erty was attached by which the court acquired jurisdiction. Second. That plaintiff should have made demand before beginning the action.

1. Our statute does not require, as a jurisdictional fact, which shall be established before the court can act, that the defendant shall reside in the county or Territory where the court is held. If he is a non-resident he cannot be brought into court by compulsion, but if he voluntarily appears and answers, he subjects himself to the jurisdiction of the court, and by such answer waives the issuance of a summons and personal service.

The case of *Burckle* v. *Eckhart*, 3 N. Y. 137, shows that the residence of the defendant within the county is a necessary fact to be proved, before the court acquires jurisdiction. The court says: "The residence of a defendant within the limits of a circuit, according to the third subdivision of second section of the statute above quoted, is a jurisdictional fact which must exist before the court can act at all, either by issuing process or accepting the appearance of the defendant. It is necessary to give jurisdiction of the cause not of the person. In such a case there can be no waiver." By that statute the residence of the defendant within the circuit was a necessary fact to be established before the court had jurisdiction over the defendant. Our statute has no such limitation, and the district court is a court of general jurisdiction. It follows, that if a defendant voluntarily places himself within the county where the court is organized, or voluntarily appears in court and answers as a party to an action, the jurisdiction of the court attaches to him the same as to a resident defendant. He waives the service of summons by his voluntary appearance, and subjects himself to the jurisdiction of the court.

In *Davis* v. *Packard*, 6 Wend. 331, the rule is correctly stated and the chancellor says: "As a general rule, if the jurisdiction of the court is limited to particular classes of persons, or to a particular subject-matter, or to the subject of the suit, or to the parties only under special circumstances, it must appear by the record of its proceedings, affirmatively, that such jurisdiction did exist, or its judgment or decree, if not absolutely void, will be subject to reversal by the superior appellate court. But if the jurisdiction of the court is general or unlimited, both as to parties and subject-

matter, it will be presumed to have had jurisdiction of the cause, unless it appears affirmatively from the record, or by the showing of the party denying the jurisdiction of the court, that some special circumstances existed to oust the court of its jurisdiction in that particular case. In the first class of cases where the court has jurisdiction over the subject-matter of the suit, and facts are stated in the proceedings sufficient to give it jurisdiction as to the parties, if the defendant appears and confesses those facts or tacitly admits them by pleading to the merits, he is precluded and cannot afterward assign for error the want of jurisdiction. Thus, by the constitution and laws of the United States, the Federal courts have no jurisdiction over ordinary suits between citizens of the same State; yet, if it be averred in the declaration that the plaintiff is a citizen of a different State from the defendant, who is a citizen of the State in which the suit is brought, the defendant must deny this allegation by a plea in abatement, if it is untrue, and cannot set up that defense on the trial after a plea to the merits, or in any other manner."

In this case the fact of non-residence does not oust the jurisdiction of the court if the defendant appears and answers the complaint; he cannot, after such voluntary appearance, object to the jurisdiction. By his answer he waives the service of a summons, places himself on the footing of a resident defendant, and subjects himself to the jurisdiction of the court.

2. Was a demand necessary before the commencement of the action? The warrants and orders were received by the defendant as a pledge to hold as collateral security for the note, with power to sell and apply on this indebtedness. If the property had been misapplied or disposed of, in violation of the contract under which it was held, the pledgor could have proceeded against the pledgee as in trover, for the unlawful conversion of the property.

If it had been applied to its proper use under the contract, and the parties disagreed as to the amount that had been or should be so applied, an action to compel an accounting would have been an appropriate remedy. But the plaintiff declares as for money held and received. The nature of the transaction, and the liabilities thereby created, do not come within the scope of such an action. The property was rightfully received and sold by the de-

fendant. The only dispute between the parties is as to the amount paid for interest upon the note. An action for an accounting would have settled this question. There has been no settlement between the pledgor and the pledgee. There is nothing due until there is a settlement. The property came rightfully into the possession of the pledgee. He has the right to retain it until by a settlement, or on accounting, the amount remaining due is ascertained. No demand could be made until this amount is determined, and a demand is necessary. A party receiving money to the use of another is rightfully in possession until the same is demanded. In general an action to recover money received by the defendant, in the character of trustee, cannot be maintained until after a demand, or proof in some other way, that there has been an abuse of the trust.

When goods have been intrusted to an agent or factor to sell, no action will lie against him for the proceeds until demand. With stronger reason, the doctrine applies where property has been intrusted to a pledgee, with power to sell and apply the proceeds to the payment of debts. In such a case there could be no valid demand until a settlement had been had and the amount due ascertained, for, until such time, the pledgee is in the rightful possession of the property. *Sears* v. *Patrick*, 23 Wend. 528 ; Story on Bailments, 339, 107.

This case is to be distinguished from that of *Stacy* v. *Graham*, 14 N. Y. 497, relied on by appellant to show that no demand was necessary. In that case the court say, that the defendant received the fund under a positive duty to remit, and, having violated that duty, became immediately liable, and no demand was necessary in order to maintain the action. No such state of facts exists in the case under consideration. The pledgee was rightfully in possession of the property; he had an ownership therein; and he was under no obligation to remit or to account until a demand had been made. There was nothing upon which to base a demand until there had been an accounting or settlement. And the pledgee had the right to retain possession until his liability had been fixed. Up to that time he had a special ownership in the property and a right to the possession thereof.

*Judgment affirmed.*