No. 81-200

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

WILLIE GERGEN,

Plaintiff and Respondent,

vs.

DOUGLAS A. PITSCH,

Defendant and Appellant.

Appeal from: District Court of the Sixteenth Judicial District,
In and for the County of Custer.
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

Felt and Martin, Billings, Montana

For Respondent:

Lucas and Monaghan, Miles City, Montana

Submitted on briefs: July 9, 1981

Decided:    OCT 1 4 1981

Filed: OCT 14 1981

*Thomas J. Kearney*
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Douglas Pitsch appeals from a default judgment entered against him in the District Court of the Sixteenth Judicial District, Custer County. We affirm.

In the summer of 1980, Douglas Pitsch and Willie Gergen entered into a contract for the sale and purchase of hay. Under the terms of the contract, Gergen was to purchase 300 tons of hay from Pitsch at $45 per ton. Gergen paid Pitsch the entire purchase price of the 300 tons. A dispute arose as to whether Gergen had received all of the hay due him under the contract. Gergen contacted an attorney, and on January 15, 1981, a complaint was filed in District Court. The complaint alleged that Gergen had purchased and paid for 300 tons of hay but had received only 268 tons because the named defendant, Pitsch, had refused to deliver or allow Gergen to pick up the remaining 32 tons. The complaint further alleged that the current price was $100 per ton and that Gergen was entitled to $3,200 from Pitsch for the hay which had not been delivered.

On January 15, the same day that the complaint was filed, Gergen's attorney sent a letter to Pitsch. The letter contained the following statements:

> "At the request of Mr. Gergen we have filed suit for recovery of the 32 tons which have a current value of $100.00 per ton. The Sheriff at Hardin will shortly be serving the summons and complaint upon you.

> "This letter is written for the purpose of offering what I believe to be a reasonable and attractive compromise settlement. If you will immediately make arrangements that 32 additional tons of hay be made available for pick up by Mr. Gergen, then the suit will be dismissed. Please advise within one week."

On January 19, Pitsch wrote a letter to Gergen's attorney.

-2-

The letter generally denied that Pitsch owed Gergen any further deliveries of hay. The letter concluded with the comment that "If he [Gergen] wants to file suit I will do so to collect for the extra hay he hauled from my place." On January 23, a summons and complaint were personally served upon Pitsch by a deputy sheriff of Big Horn County, Montana. On March 3, a default judgment was entered against Pitsch. The court set the value of the hay at $85 per ton and awarded Gergen $2,720 plus costs. Notice of entry of judgment was mailed to Pitsch on March 3. Execution was levied on Pitsch's bank account on March 4. On March 9, Pitsch, through counsel, moved the District Court to set aside the default judgment. The District Court denied the motion, and Pitsch appeals.

Douglas Pitsch has raised three issues on appeal. However, because we are affirming the District Court, we need only reach the threshold question:

Did the District Court err by refusing to set aside the default judgment?

Rule 60(b), M.R.Civ.P., provides that a party may be relieved from a judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect. In his affidavit in support of the motion to set aside the default judgment, Douglas Pitsch made this statement:

> "6. In the middle of January, 1981, I received a letter from James P. Lucas, an attorney in Miles City, Montana, dated January 15, 1981. A true copy of the letter is attached hereto and marked Exhibit "A". The letter stated that 32 tons of the original 300 tons remained to be delivered to WILLIE GERGEN, demanded that the 32 tons be delivered, and requested an immediate response from me.
>
> "7. A few days later, I received certain

-3-

papers, true copies of which are attached hereto and marked Exhibit "B". When I reviewed the papers, I recognized the names of the attorneys, Lucas and Monaghan, as the firm which had sent me the original letter. I have never been sued or served with a summons and complaint before, so I did not recognize that these were official court documents, which required that I obtain the services of counsel and file a formal Answer with the Court. I believed, rather, that these fancy papers represented an attempt by WILLIE GERGEN's attorneys to scare me into making an immediate delivery of 32 additional tons of hay, and required only a response to the attorneys."

While it is true that default judgments are not favored, Nelson v. Lennon (1949), 122 Mont. 506, 206 P.2d 556, we must agree with the District Court that the circumstances present in this case do not warrant a vacation of the judgment. The letter which Douglas Pitsch sent to Gergen's attorney indicates that he is both literate and intelligent. The summons and complaint were legally sufficient and clearly stated that a suit had been filed against Pitsch. Gergen's attorney told Pitsch, by letter, that suit had been filed. We cannot, under these facts, conclude that Douglas Pitsch was so mistaken as to the nature of what was transpiring that the judgment against him should be set aside. Also, his failure to respond to the complaint does not constitute excusable neglect.

The judgment of the District Court is affirmed.

_____
Justice

-4-

We concur:

_____
            Chief Justice

_____

_____

_____
            Justices

-4-