No. 91-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

BOARD OF DIRECTORS OF THE EDELWIESS OWNERS' ASSOCIATION, a non-profit corporation, in its corporate capacity, and on behalf of individual owners of Edelweiss Condominiums,

        Plaintiff and Respondent,

  -vs-

M.V. (MAX) McINTOSH and MAURICE THOMAS SAULINER, individually and d/b/a D & M Property Management, Inc., METRO CITY REALTY AND INSURANCE OF EDMONTON, ALBERTA, and JOHN DOE I, II, AND III,

        Defendants and Appellants.

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William E. Hileman, Jr., Hedman, Hileman & Lacosta, Whitefish, Montana.

    For Respondent:

        Debra D. Parker, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Montana.

Submitted on briefs:  October 24, 1991

Decided:  December 19, 1991

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendants McIntosh and Saulnier, individually and doing business as D & M Property Management, Inc., and Metro City Realty and Insurance of Edmonton, Alberta (herein called defendants), appeal from the order of the District Court for the Eleventh Judicial District, Flathead County, refusing to set aside the default judgment entered against them. We affirm.

The only issue is whether the District Court erred by refusing to set aside the default judgment against the defendants.

The complaint of the plaintiff alleges that the Edelweiss Owners' Association is an incorporated, non-profit association of owners of fractional interest in the Edelweiss Condominiums Project on Big Mountain, Whitefish, Montana. The complaint further alleges that the defendants submitted a proposal to manage the condominium project and to act as brokers for the purpose of renting units for owners who elected to make the units available for rent; the proposal was accepted by the plaintiff; and that the defendants assumed the management and control of the property on August 1, 1989. The further allegation is that the defendants were terminated as managers effective February 28, 1990. The complaint alleges that during the period of time the defendants managed the property they collected various association fees and rents. Next the complaint alleges that the defendants failed to provide a detailed and itemized accounting of plaintiff's funds or of rents and deposits collected; that the defendants were obligated to collect and hold funds for the benefits of the plaintiff and to provide an accounting; and in the alternative that despite the

2

repeated demands of the plaintiff, the defendants have refused to deliver money collected and to account for the same, and that the defendants' actions constitute conversion. Following are significant dates and events:

| | |
|---|---|
| June 8, 1990 | Personal service made on defendant Saulnier, individually and d/b/a D & M Property Management, Inc. |
| June 18, 1990 | Personal service made on defendant, McIntosh |
| July 3, 1990 | "Statement of Defence" (sic) was received by clerk of District Court without an appearance fee |
| July 5, 1990 | Clerk of district court letter to defendants requesting appearance fee of $160. (Note that $160 fee has never been paid.) |
| July 9, 1990 | Default of the defendants McIntosh and Saulnier and D & M Property Management, Inc. was entered in the district court. |
| August 7, 1990 | Defendant McIntosh wrote to the clerk of the District Court requesting further information with regard to fees. |
| September 10, 1990 | Personal service on the defendant Metro City Realty and Insurance of Edmonton, Alberta. |
| September 12, 1990 | Hearing on the plaintiffs' motion for default judgment, and entry of findings of fact and judgment establishing that based on pleadings and testimony the court found that the defaults of McIntosh, Saulnier and D & M Property Management, Inc. were properly entered and that the plaintiffs were entitled to judgment in the amount of $183,593.70 and costs. Judgment entered for $183,593.70 together with costs of $161.24. |
| October 3, 1990 | Default entered of defendant Metro City Realty and Insurance of |

3

Edmonton, Alberta.

| October 26, 1990 | Amendment to findings of fact and judgment so that previous judgment included Metro City Realty and Insurance of Edmonton, Alberta. |
| April 9, 1991 | Defendants' motion to set aside default judgment. |
| May 10, 1991 | Trial court's memorandum and order denying motion to set aside default judgment. |

The "Statement of Defence" (sic), which was not filed because of the failure to pay the appropriate appearance fee of $160.00 remained in the court file. At the time of the hearing prior to judgment, the District Court acknowledged an awareness of that Statement but refused to consider the same because it had not been properly filed. The Statement is a number of pages in length and contains a literate explanation of theories of defense and purports to have been signed by defendants Saulnier and McIntosh.

The issue presented is whether the District Court erred in refusing to set aside the default judgment against the defendants. Defendants argue that the court should relieve them from the judgment pursuant to Rule 60(b), M.R.Civ.P., which in pertinent part states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than 60

4

days after the judgment, order or proceeding was entered or taken . . . .

The standard to be applied on the setting aside of default judgment was stated in Blume v. Metropolitan Life Ins. Co. (1990), 242 Mont. 465, 791 P.2d 784. In Blume this Court stated that where a trial court denies a motion to set aside a default judgment, the standard of review is that no great abuse of discretion is needed to reverse, or in other words, that slight abuse is sufficient to justify reversal of such an order. In applying that test to the present case, we have concluded there was no abuse of discretion on the part of the District Court.

The defendants attempt to argue that relief should be granted under subparagraphs (1), (2) and (3) of Rule 60(b) which cover the elements of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud, misrepresentation, or other misconduct. Requests for relief from final judgment on those grounds are required by the above quoted rule to be made not more than 60 days after the judgment. Here the motion was made 165 days after the entry of judgment. We therefore affirm the District Court's determination that the defendants are precluded from moving to set aside the judgment on the grounds enumerated in Rule 60(b)(1), (2) and (3).

The remaining ground argued by the defendants is that they are entitled to relief under subsection (6), the general catch-all clause which covers any other reason justifying relief from the operation of the judgment. In support of their motion, the defendants filed a lengthy affidavit which purported to be the affidavit of defendant Saulnier. That affidavit was not signed by

5

Saulnier. The result is that the defendants have failed to establish any of the facts which have been referred to in the Saulnier affidavit. While the defendants contend that they are Canadian citizens unfamiliar with the laws of Montana, that they acted pro se, that they did file an answer, and that they would have presented contradictory evidence, none of these factors have been established in fact by affidavit or other appropriate proof.

We conclude that this case is similar to Gergen v. Pitsch (1981), 194 Mont. 70, 634 P.2d 652. In Gergen the defendant was personally served with summons and complaint and the defendant subsequently wrote a letter to the plaintiff's attorney. This Court concluded that the letter which the defendant sent to Gergen's attorney indicated that the defendant was both literate and intelligent, that the summons and complaint were legally sufficient and clearly stated a suit had been filed. We therefore held that under those facts, we could not conclude that the defendant was so mistaken as to the nature of what was transpiring that the judgment against him should be set aside.

In a similar manner, in the present case, summons and complaint were legally sufficient and complete. The "Statement of Defence" (sic) established that the defendants were literate. Clearly the summons and complaint were legally sufficient to establish that a suit had been filed against the defendants. The defendants completely failed to present facts sufficient to establish excusable neglect or any other basis or reason justifying relief from the operation of the default judgment. In addition, the defendants here acknowledged receipt of the notice from the

District Court of the requirement for filing fees but apparently assumed that their "Statement of Defence" (sic) would still be considered.

Defendants further contend that judgment should be set aside because they never received notice of entry of the default judgment. In Schmidt v. Jomac, Inc. (1982), 196 Mont. 323, 327, 639 P.2d 517, 520, this Court held that "under Rules 55(a) and 77(d), M.R.Civ.P., no notice of entry of a default judgment need be sent to the defendant by the clerk of the district court".

We conclude that the defendants have failed to establish any reason justifying relief from the operation of the default judgment under Rule 60(b)(6). We hold that the District Court did not abuse its discretion in refusing to set aside the default judgment. We conclude that the defendants have failed to establish any abuse of discretion on the part of the District Court under the test in Blume, 791 P.2d at 785.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

December 19, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

William E. Hileman, Jr.
HEDMAN, HILEMAN & LACOSTA
433 Second Street
Whitefish, MT 59937

Debra D. Parker
MURPHY, ROBINSON, HECKATHORN & PHILLIPS, P.C.
P.O. Box 759
Kalispell, MT 59903-0759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy