NO. 93-144

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

CYNTHIA K. McDONALD,

      Petitioner and Respondent,

  and

RUSSELL D. McDONALD,

      Respondent and Appellant.

FILED

NOV 10 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        Gary A. Crowe, Attorney at Law,
        Kalispell, Montana

     For Respondent:

        Mies Wm. Faerber, Attorney at Law,
        Kalispell, Montana

Submitted on Briefs:  June 23, 1993

Decided:  November 10, 1993

Filed:

Clerk

**Justice** Terry N. Trieweiler delivered the opinion of the Court.

Russell D. McDonald filed a motion in the District Court for the Eleventh Judicial District, in Flathead County, to set aside the parties' dissolution decree which had been entered against him by default. Russell appeals from the court's failure to grant the motion, which was deemed denied when the court failed to rule on it within 45 days pursuant to Rule 60(c), M.R.Civ.P.

We affirm.

The issue for this Court's consideration is whether the District Court abused its discretion when it did not grant the motion to set aside the default decree.

On July 8, 1992, Cynthia McDonald petitioned the District Court for dissolution of her marriage to Russell McDonald. Russell accepted service of process on July 9, 1992, but made no further appearance in the action. At Cynthia's request, a default was entered against Russell by the Clerk of the District Court on August 4, 1992.

Cynthia's petition for dissolution requested that she be awarded custody of the parties' minor child, Tyler, and further requested a specific division of the parties' marital assets and debts. When Russell was served with notice of the petition for dissolution, he received a copy of these specific proposals. On October 14, 1992, after Cynthia and her attorney presented evidence in support of the petition, the court entered a default decree in Cynthia's favor, dissolving the parties' six year marriage, and ordering custody, support, and division of the marital estate as

requested by Cynthia. A copy of the decree was mailed to Russell on that Same date.

Russell filed a motion to set aside the decree on December 11, 1992, and requested the court to allow him to file a response to Cynthia's petition for dissolution. The motion was filed pursuant to Rule 60(b), M.R.Civ.P., and the accompanying affidavit alleged that the decree had been obtained by Cynthia due to Russell's mistaken beliefs and unconscious ignorance of the law. It also contained a request for joint custody and Russell's claim that the division of the marital property was unconscionable.

After briefs were filed by both parties, the court held a hearing on January 21, 1993. However, the court did not rule on the motion within 45 days of the time it was filed and it was, therefore, deemed denied in accordance with Rule 60(C), M.R.Civ.P. From this denial of his motion to set aside the decree, Russell appeals.

Did the District Court abuse its discretion when it did not grant Russell's motion to set aside the default decree?

Russell contends that his motion was improperly denied because the court had not made a determination of whether there was excusable neglect justifying relief from the judgment and it failed to schedule an additional hearing to resolve this issue within 45 days from the date of his motion. Russell asserts that he was not provided with a sufficient opportunity to demonstrate to the court that he satisfied Rule 60(b)'s requirements regarding mistake, inadvertence, excusable neglect, or fraud. Russell also contends

3

that the court lacked substantial evidence to support its property division order, and that it abused its discretion when it awarded sole custody of Tyler to Cynthia.

Rule 55(c), M.R.Civ.P., allows for the setting aside of a default judgment under the following circumstances:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 60(b), M.R.Civ.P., states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment.

As noted in Rule 55(c), a default judgment may only be set aside "for good cause shown." In *Blume v. Metropolitan Life Insurance Company* (1990), 242 Mont. 465, 791 P.2d 784, this Court clarified the standards which must be met by a defaulting party to establish such good cause. These criteria are: (1) the defaulting party proceeded with diligence; (2) the defaulting party's neglect was excusable; (3) the defaulting party has a meritorious defense to the claim: and (4) the judgment, if permitted to stand, will affect the defaulting party injuriously. *Blume*, 791 P.2d at 786. We have also clearly stated that the burden of proof rests on the party seeking to set aside the default judgment. *Siewing v. Pearson Co.* (1987), 226 Mont. 458, 461, 736 P.2d 120, 122.

Where a trial court fails to grant a motion to set aside a default judgment, the finding of even a slight abuse of discretion

4

is sufficient to justify reversal of such an order. *Empire Lath v. American Casualty* (1993), *256* Mont. 413, 847 P.2d 276: *Bd. of Directors Edelweiss Owners' Assn. v. McIntosh* (1991), 251 Mont. 144, 822 P.2d 1080. In this instance, after reviewing the record and considering the factors stated above, we conclude that the District Court did not abuse its discretion when it failed to grant Russell's motion to set aside the default judgment.

On appeal, Russell urges this Court to consider the merits of the District Court's decisions regarding custody and distribution of the marital estate. However, as we made clear in *Blume*, when reviewing the denial of a Rule 60(b) motion for the setting aside of a default judgment, the moving party must first satisfy the criteria for establishing good cause. Here, we conclude that Russell has failed to satisfy the threshold requirement of demonstrating excusable neglect which would justify setting aside the default decree.

In support of his motion to set aside the default judgment at the District Court level, Russell argued that he was not represented by counsel at the time the decree was entered and was under the mistaken opinion that he would have the opportunity to review an "agreement" prior to the finalization of the dissolution. Russell contended that he "was ignorant of the appropriate law under the circumstances [and] . . . was unconsciously ignorant of facts material to the contract."

5

In *In re Marriage of Castor* (1991), 249 Mont. 495, 817 P.2d 665, we emphasized that "mistake," "inadvertence," and "excusable neglect" generally require some justification for an error beyond mere carelessness or ignorance of the law. *Castor*, 817 P.2d at 667 (citing *Lomas and Nettleton Co. v. Wiseley* (7th Cir. 1989), 884 F.2d 965, 967). After reviewing the record, we are not convinced that Russell's mistaken beliefs or ignorance of the law rise to a level which would justify the setting aside of the decree.

The petition for dissolution which was served upon Russell contained very specific proposals for the distribution of the marital property and the care and custody of the minor child. Russell was also clearly informed that he had twenty days to respond to the petition. However, it is clear that at no time prior to the entry of the decree did Russell attempt either on his own, or with the advice of counsel, to express any objections he may have had to Cynthia's proposals.

On appeal, Russell contends that he was not afforded an opportunity by the District Court to show that he had satisfied a showing of mistake, inadvertence, excusable neglect, or fraud. Although it is true that the court indicated it would schedule a continuation of the hearing in order to address the issues of custody and property distribution and did not do so, the burden was on Russell to initially support his Rule 60(b) motion with sufficient evidence to justify setting aside the decree. The record demonstrates that Russell did have ample opportunity to

present his written arguments to the court and to testify at the January 21, 1993, hearing in this regard.

We conclude that Russell failed to establish excusable neglect, mistake, or any other reason which would justify relief from the operation of the default judgment. We hold the District Court did not abuse its discretion when it did not grant Russell's motion to set aside the default decree.

Affirmed.

_____
Ju tice

We concur:

_____
Chief Justice

_____

_____
Justices

November 10, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Gary A. Crowe, Esq.
Attorney at Law
P.O. Box 924
Kalispell, MT 59903-0924

Mies Wm. Faerber
Attorney at Law
725 So. Main
Kalispell, MT 59901


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy