No. 02-265

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 192

---

PERRY TSCHIDA,
Plaintiff, Counterclaim Defendant,
and Appellant,

v.

ROBERT ROWE, JR.,
Defendants, Counterclaimant,
and Respondent,

and

JAMES H. WHALEY,
Intervenor, Counterclaimant,
and Respondent,

and

FIRST INTERSTATE BANK,
Defendant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DV 01-274
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:
Perry Tschida, St. Louis, Missouri, *pro se*

For Respondent:
Douglas D. Harris, Missoula, Montana

---

Submitted on Briefs: August 15, 2002
Decided: August 4, 2003

Filed:

________________________________________
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Perry Tschida (Tschida), Robert Rowe, Jr. (Rowe), and James Whaley (Whaley) own residential rental property in Missoula, Montana. A dispute arose over management of the property and Tschida sued Rowe. After Tschida failed to file a reply to a Counterclaim filed by Rowe and intervenor Whaley within the time mandated by the District Court, the court granted a default judgment against Tschida and in favor of Rowe and Whaley. Tschida moved to have the default judgment set aside and the District Court denied the motion. Tschida appeals from the denial of his motion to set aside the default judgment. We affirm.

**ISSUE**

¶2 The issue before this Court is whether the District Court erred when it failed to set aside the default judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 Tschida, Rowe and Whaley bought a house in Missoula, Montana, as co-tenants in common in 1993, and have used the house as residential rental property since that time. None of them currently lives in the house. A dispute arose between Tschida and Rowe over management of the property and access to financial records pertaining to the property and, in April 2001, Tschida sued Rowe. At the time Rowe answered the Complaint, Whaley moved to intervene in the proceeding. As a pleading attached to the motion to intervene, Rowe and Whaley submitted a Counterclaim; however, the Counterclaim was not filed of record at that time. Tschida moved to have the Counterclaim dismissed but the District

Court entered an Order denying Tschida's motion as premature since the Counterclaim had not been formally filed. In this same Order, the court also granted Whaley's motion to intervene.

¶4 Following the District Court's Order, Rowe and Whaley filed their Counterclaim with the Clerk of Court and served it on Tschida. Tschida promptly responded with another motion to dismiss. On September 17, 2001, the District Court denied Tschida's motion to dismiss and concluded that Rowe's and Whaley's Counterclaim had been properly filed. The court noted in its Order that Tschida had previously filed motions that were "devoid of any merit," and at least one motion that the court found "puzzling." The District Court warned that it was "not inclined to decipher [Tschida's] mystery filings and cast them within the form of some acceptable, meaningful motion," and that further meritless filings could result in an award of attorney's fees to Rowe and Whaley for having to file response briefs. The court then gave Tschida ten working days in which to respond to the Counterclaim under risk of default.

¶5 Tschida claims to have mailed his Reply to the Counterclaim to the Clerk of Court on September 27. As of October 9, the Clerk of Court had not received Tschida's Reply, and Rowe and Whaley moved for default judgment. Tschida's Reply was then filed on October 15. On November 13, the District Court granted Rowe's and Whaley's motion for default judgment. The court noted that, under its September 17 Order, the Reply should have been filed no later than October 4, 2001.

¶6 Tschida moved to set aside the default judgment, explaining that his Reply, while mailed on September 27, was delayed by post-September 11 (9/11) mail delays and anthrax scares. The court had observed in its November 13 Order that pleadings signed and mailed by Tschida on October 2 and 4, respectively, arrived at the clerk's office and were filed on October 9 and 10. Additionally, a pleading signed and mailed by Tschida on September 29 was received and filed by the clerk on October 5. However, the District Court did not formally act on Tschida's motion to set aside the default judgment within sixty days, and therefore, in accordance with Rule 60(c), M.R.Civ.P., it was deemed denied. Tschida claims that the District Court's granting the default judgment and its failure to set aside the default judgment constitute error. However, we note that in his Amended Notice of Appeal, Tschida only seeks review of the District Court's failure to set aside the default judgment.

## STANDARD OF REVIEW

¶7 As a general rule, cases should be tried on the merits and judgments by default are not favored. For this reason, our review of a district court's ruling on a Rule 60(b), M.R.Civ.P., motion for relief from judgment depends on whether the motion was granted and judgment set aside. *Bahm v. Southworth*, 2000 MT 244, ¶ 4, 301 Mont. 434, ¶ 4, 10 P.3d 99, ¶ 4 (citing *Karlen v. Evans* (1996), 276 Mont. 181, 185, 915 P.2d 232, 235). Where, as here, a district court has refused to set aside the default, the proper standard of review is that a slight abuse of discretion will warrant reversal. *Bahm*, ¶ 4 (citation omitted). The party seeking to set aside a default judgment has the burden of proof. *In re Marriage of Winckler*, 2000 MT 116, ¶ 10, 299 Mont. 428, ¶ 10, 2 P.3d 229, ¶ 10 (citation omitted).

## DISCUSSION

¶8 To determine whether the District Court erred in failing to set aside the default judgment, we first look at the circumstances under which the default judgment was entered. Primarily, Tschida argued that the default judgment should not have been entered because he mailed his Reply on September 27, and therefore he was in compliance with the District Court's Order. He argued that postal services were disrupted by post-9/11 events, and therefore his delay was excusable. Additionally, he maintained that under Rule 12(a), M.R.Civ.P., he should have been allowed twenty days in which to reply.

¶9 There are several civil procedure rules that apply to the default judgment in this case. First, Rule 7(a), M.R.Civ.P., requires a reply to a counterclaim. Second, Rule 12(a), M.R.Civ.P., gives the replying party twenty days to reply **or** "such time as the [court] order otherwise directs." Next, Rule 8(d), M.R.Civ.P., establishes that "[a]verments in a pleading to which a responsive pleading is required, . . . are admitted when not denied in the responsive pleading." And, lastly, Rowe and Whaley moved for judgment on the merits in their Counterclaim. Under Rule 54(c), M.R.Civ.P., a court may enter judgment by default if sought in the pleading in question. A party **must** reply to a counterclaim within twenty days or the time mandated by the court, and if it fails to do so the allegations in the counterclaim are deemed admitted and the opposing party may move for and secure a default judgment.

¶10 This is precisely what occurred in the case before us and the Court correctly applied these relevant rules. As expressly allowed in Rule 12(a), the court established the time

within which Tschida was to file his Reply to the Counterclaim. Tschida failed to comply. The court considered Tschida's explanation but was unpersuaded, correctly observing that filings by Tschida signed and mailed on September 29, October 2, and October 4 all were received by the clerk and filed before Tschida's Reply was received. Moreover, as a result of his failure to file a timely Reply, the allegations in the Counterclaim were deemed admitted and Rowe and Whaley lawfully moved for default judgment which was granted.

¶11 Tschida timely moved to set aside the default judgment, arguing that he met the statutory requirements under Rules 55(c) and 60(b), M.R.Civ.P. The District Court did not rule on Tschida's motion to set aside the default within sixty days, and therefore, under Rule 60(c), it was deemed denied. Tschida subsequently filed his notice of appeal of the District Court's denial.

¶12 Tschida's reliance on Rule 55(c) is misplaced. In *Greenup v. Russell*, 2000 MT 154, 300 Mont. 136, 3 P.3d 124, we noted that Rule 55(c), M.R.Civ.P., applies to setting aside a default entered by a clerk, which is different from a default judgment entered by the court. To set aside a default judgment entered by the District Court, Tschida must satisfy Rule 60(b). Rule 55(c), M.R.Civ.P., *Greenup*, ¶ 11.

¶13 Rule 60(b), M.R.Civ.P., allows a default judgment under certain circumstances. Tschida appears to rely on Rules 60(b)(1) and (b)(6)--(b)(1) mistake, inadvertence, surprise, or excusable neglect; and (b)(6) any other reason justifying relief from the operation of the judgment.

¶14     A "mistake" is defined for Rule 60(b) purposes, as "some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." *Winckler*, ¶ 22 (Default resulting from mistake made by pro se defendant who was unintentionally misled by opposing counsel was set aside). *See also In re Marriage of Martin*, 265 Mont. 95, 101, 874 P.2d 1219, 1223-24; *In re Marriage of Broere* (1994), 263 Mont. 207, 210, 867 P.2d 1092, 1094. Tschida claims that he held "mistaken beliefs involving his answer and the usual time limits" and that he "misplaced his confidence" in the U.S. Postal Service.

¶15     The District Court's Order expressly told Tschida that he must respond to the Counterclaim within ten days; therefore, there should have been no mistake or confusion about "the usual time limits," *i.e.*, twenty days. Moreover, Tschida filed several other documents that were mailed within days of when his Reply should have been mailed and all arrived in a timely manner. Additionally, and perhaps most significantly, Tschida is a licensed attorney and current member of the State Bar of Montana. In *Gergen v. Pitsch* (1981), 194 Mont. 70, 72, 634 P.2d 652, 653, we held that a non-lawyer defendant was sufficiently literate and intelligent to understand the documents presented by opposing counsel and respond accordingly. A lawyer should be held to at least as stringent a standard. Lastly, we note that the District Court had chastised Tschida previously for delaying the proceedings as well as unnecessarily convoluting them, and for filing meritless pleadings. The "mistake" complained of by Tschida does not rise to a level that warrants setting aside the default judgment. Thus, we cannot conclude that the court's refusal to accept this argument was an abuse of discretion.

¶16 Having determined that Rule 60(b)(1) applies to the case before us we need not determine whether the "extraordinary circumstances" required by Rule 60(b)(6) are present. In *Karlen v. Evans* (1996), 276 Mont. 181, 915 P.2d 232, we clarified that relief is available under Rule 60(b)(6), M.R.Civ.P., for situations *other* than those enumerated in the first five subsections of the rule.

¶17 Tschida has not met his burden of proof under Rule 60(b), M.R.Civ.P., to set aside the default judgment and has failed to establish any abuse of discretion on the part of the District Court.

**CONCLUSION**

¶18 For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER

[end]