JUSTICE WARNER,
dissenting.
¶21 I must disagree with the Court’s decision to affirm the default judgment against Appellant Don K Chevrolet. In my opinion the Comb reaches the wrong conclusion because it applies the slight abuse of discretion standard to its analysis, rather than giving a liberal interpretation to the provisions of Rule 60(b), M.R.Civ.P., concerning relief from a default judgment.
¶22 The same year Montana became a state, this Court held that the correct standard for reviewing the denial of a motion to set aside a default is as follows:
In the case of Watson v. San Francisco etc. R. R. Co., 41 Cal. 20, the court says: “As a general rule, however, in cases where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and, when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be *464 resolved in favor of the application.”
The above, we think, recites the correct principle which should guide courts on a question of this kind.
Benedict v. Spendiff (1889), 9 Mont. 85, 88, 22 P. 500. With remarkable consistency, the Court has articulated the essence of this principle for 116 years.
¶23 In Brothers v. Brothers (1924), 71 Mont. 378, 230 P. 60, Justice Rankin remarked “[n]o great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal, for the courts universally favor a trial on the merits.” Brothers, 71 Mont. at 379, 230 P. at 61. This led to the later statement in Madson v. Petrie Tractor & Equipment Co. (1938), 106 Mont. 382, 388, 77 P.2d 1038, 1040, Tsjince courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order.” Thus, a new standard was born and this Court has since said that a slight abuse of discretion is all that is required to reverse a District Court order denying a motion to set aside a default judgment. To me, the modifier “slight” is more of a distraction than of any help, because a District Court either abuses its discretion or it doesn’t. Nevertheless, the adjective does not impair application of the underlying principle. So, if the standard is applicable, “slight” does no harm.
¶24 Several times in the recent past this Court has based its decision on whether a district court slightly abused its discretion concerning a default judgment, even though the motion to set aside such judgment was deemed denied because there was no ruling within the time provided by the Montana Rules of Civil Procedure. Peak Development, LLP v. Juntunen, 2005 MT 82, ¶ 7, 326 Mont. 409, ¶ 7, 110 P.3d 13, ¶ 7; Sun Mountain Sports, Inc. v. Gore, 2004 MT 56, ¶ 8, 320 Mont. 196, ¶ 8, 85 P.3d 1286, ¶ 8; Tschida v. Rowe, 2003 MT 192, ¶ 6, 316 Mont. 503, ¶ 6, 74 P.3d 1043, ¶ 6; In re Marriage of Winckler, 2000 MT 116, ¶ 1, 299 Mont. 428, ¶ 1, 2 P.3d 229, ¶ 1. In these cases it is possible that the district court exercised discretion by not ruling. Thus, application of the slight abuse of discretion standard in these opinions is not altogether unjustifiable.
¶25 However, in this case the District Court took the trouble to prepare and file a ‘Notice Of Denial” as follows:
This matter is before the Court on Defendant’s Motion To Set Aside Final Judgment Of Default. It was not the Court’s intention to deny the motion by failing to rule within the required 60 day time period. The file was not calendered as a 60 day motion and *465 when brought to the Court’s attention the 60 day period had expired. The Court now enters the following:
NOTICE
The partys [sic] are hereby put on notice that by operation of law the Court is without jurisdiction to rule on Defendant’s motion and it is deemed DENIED as of March 9, 2004.
¶26 Because of an acknowledged mistake in calendering this case, the District Court did not exercise any discretion at all. The slight abuse of discretion standard should not be applied under these circumstances. This Court makes the decision here by itself and should acknowledge that fact.
¶27 Considering the record presented, recognizing the policy that a decision on the merits is preferable, and applying the rule that when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the motion to set aside and I must cast my vote for a trial on the merits.
¶28 Alawyer’s misfiling of a pleading in another active file of the same client has been found sufficient to set aside a default judgment by the District Court, and such decision affirmed by this Court. Keller v. Hanson (1971), 157 Mont. 307, 485 P.2d 705. A substantial factor in the decision of the District Court to enter the default judgment in question, and in the decision of this Court not to set it aside, is that counsel for Don K Chevrolet did not appear even though he was sent a letter by Matthews’ counsel advising him that a default had been entered and that a hearing for entry of a default judgment was scheduled. I too find this matter of significance.
¶29 According to Don K Chevrolet’s counsel, he had no idea that a default had been entered. As soon as he discovered that the complaint had been misfiled in his office, he checked at the courthouse and found the default judgment. He immediately moved to set it aside. He filed a brief and an affidavit stating the reasons why his client had made no appearance. He did not mention the letter from Matthews’ lawyer advising him a default had been taken, or the notice of the hearing to enter a default judgment, in either his brief or his affidavit. Copies of the letter and notice were appended to counsel for Matthews’ response brief. Then, in his reply brief, which he refers to in his reply brief filed in this Court, counsel for Don K Chevrolet stated to the District Court:
... Counsel has referred to a letter which he sent to the office noticing the default hearing date. That letter was never received at this office. Had it been received, I would have immediately filed *466 a motion to set aside the default and I most definitely would had [sic] been at the court hearing.
¶30 The District Court, because of its own mistake, developed no record on this matter, and gave no consideration at all to whether Don K Chevrolet’s counsel actually did receive the letter and notice. There is no way for this Court to make a determination of the credibility of counsel’s statement that the letter and notice were not received. This state of affairs is in no way the fault of Don K Chevrolet or its counsel.
¶31 The entry of a default judgment that includes $88,608 in punitive damages which requires proof by clear and convincing evidence, §27-1-221(5), MCA; the understandable mistake of counsel; the short delay between the time of entry of the default judgment and the motion to set it aside; and the subsequent mistake which led to a complete lack of consideration by the District Court; cause me to hesitate. Thus, I am constrained by the time honored rule to resolve the doubt in favor of setting aside the judgment. I dissent.
JUSTICE COTTER joins in the dissent of JUSTICE WARNER.