

DA 07-0526

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 337

CLAIRE PESARIK,

        Plaintiff and Appellant,

  v.

GABRIEL R. PERJESSY, D.D.S.,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 04-358C
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Cregg W. Coughlin, Attorney at Law, Clancy, Montana

    For Appellee:

        Todd A. Hammer and Angela K. Jacobs, Hammer, Hewitt, Jacobs &
Floch, Kalispell, Montana

Submitted on Briefs:  July 16, 2008

Decided:  October 7, 2008

Filed:

_____
                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Claire Pesarik (Pesarik) appeals from an order of the Eleventh Judicial District Court, Flathead County, granting the motion to dismiss filed by Gabriel R. Perjessy, DDS, and denying Pesarik's motion for enlargement of time.  We affirm.

¶2      Pesarik presents the following issues for review:

¶3      Whether the District Court correctly determined that it lacked authority to grant Pesarik's motion for enlargement of time to serve process upon Perjessy.

¶4      Whether the District Court properly concluded that Pesarik had failed to establish excusable neglect to warrant an extension of time to serve process upon Perjessy.

### PROCEDURAL AND FACTUAL BACKGROUND

¶5      Pesarik filed a complaint against Perjessy on May 27, 2004, in which she alleged medical malpractice arising from several dental procedures.  The District Court issued a summons the same day.  Pesarik did not serve the summons or otherwise prosecute the case.  Pesarik's counsel sent her a letter on March 31, 2006, informing her that he no longer would represent her in the matter. The letter advised Pesarik that the summons and complaint must be served upon Perjessy within three years of filing pursuant to M. R. Civ. P. 4E.  The letter urged her to obtain substitute counsel immediately.  Pesarik alleges that she never received the letter.

¶6      Pesarik instead asserts that her original counsel notified her orally sometime during the spring or summer of 2006 that he no longer would represent her.  Pesarik further claims that she did not know when this change would occur, and, therefore, did not act immediately upon the information.  Pesarik obtained substitute counsel by October 2006.  Pesarik's new

counsel discovered that her original client file did not include the summons issued on May 27, 2004. Pesarik did not immediately request a second summons from the District Court.

¶7 Pesarik instead prepared a settlement proposal that she submitted to Perjessy in March 2007. Perjessy acknowledged receipt of the proposal on March 29, 2007. Pesarik did not request a second summons until May 22, 2007. The District Court issued the second summons on May 24, 2007. Pesarik attempted personal service upon Perjessy through the sheriff's office that same day, the Thursday before Memorial Day, but Perjessy had left town on vacation. Pesarik was not able to serve Perjessy until Wednesday, May 30, 2007. The three-year window authorized by Rule 4E for service of the summons and complaint upon Perjessy expired on May 27, 2007.

¶8 Perjessy moved to dismiss on the grounds that Pesarik had failed to accomplish service upon Perjessy within three years of the date on which she originally had filed the complaint. Pesarik moved to enlarge the time for service upon Perjessy pursuant to M. R. Civ. P. 6(b). The District Court granted Perjessy's motion to dismiss and denied Pesarik's motion for enlargement of time. The court first determined that it lacked authority to grant Pesarik an enlarged time to serve the summons upon Perjessy. The court next determined that even if the Rules of Civil Procedure granted it such authority, Pesarik had failed to prove excusable neglect to warrant an enlargement of time. Pesarik appeals.

## STANDARD OF REVIEW

¶9 We review de novo a district court's conclusions of law to determine whether they are correct. *Tungsten Holdings, Inc. v Kimberlin*, 2000 MT 24, ¶ 8, 298 Mont. 176, ¶ 8, 994

3

P.2d 1114, ¶ 8.  We review for an abuse of discretion a district court's decision to grant or deny an enlargement of time pursuant to M. R. Civ. P. 6(b).  *In re Marriage of Weber*, 2004 MT 206, ¶¶ 21, 23, 322 Mont. 324, ¶¶ 21, 23, 95 P.3d 694, ¶¶ 21, 23.

## DISCUSSION

¶10    *Whether the District Court correctly determined that it lacked authority to grant Pesarik's motion for enlargement of time to serve process upon Perjessy.*

¶11    The District Court based its conclusion that it lacked the authority to enlarge the three-year time limit set forth in M. R. Civ. P. 4E upon this Court's interpretation of former M. R. Civ. P. 41(e).  Rule 41(e) governed the time limit for service of process for actions filed before January 1, 2000.

¶12    The District Court cited *Otto v. Montana Dept. of Fish, Wildlife & Parks*, 2000 MT 333, ¶ 20, 303 Mont. 86, ¶ 20, 15 P.3d 402, ¶ 20, in which this Court determined that the courts lacked authority to enlarge the time period in which a plaintiff must serve a summons.  The court noted that Rule 41(e) provided that "the summons '*must*' be issued within one year of the suit."  (Emphasis added).  The Court declined to create an excusable neglect exception based upon its conclusion that the plain language of Rule 41(e) rendered the time limit mandatory.  *Otto*, ¶ 20; *Janow v. Conoco Pipe Line Co.*, 2000 MT 242, ¶ 15, 301 Mont. 402, ¶ 15, 10 P.3d 79, ¶ 15.

¶13    The District Court analogized *Otto's* interpretation of former Rule 41(e) to its interpretation of Rule 4E, the current Rule governing the time limit for service of process.  Rule 4E provides that "[a] plaintiff *shall* have 3 years after filing a complaint to have a

4

summons issued and accomplish service." (Emphasis added). The District Court determined that Rule 4E contained language at least as clear and as unambiguous as that of former Rule 41(e). The court concluded that, as in *Otto*, Rule 4E's plain language constituted a mandate that did not allow an excusable neglect exception.

¶14 Pesarik argues that the District Court incorrectly analogized former Rule 41(e) to current Rule 4E. Pesarik points to M. R. Civ. P. 6(b). Rule 6(b) provides a district court with discretion to enlarge for cause a time limit set forth under the Rules of Civil Procedure. Specifically, the district court may grant an enlargement of time after the expiration of the time period "where the failure to act was the result of excusable neglect." M. R. Civ. P. 6(b)(2). The rule explicitly prohibits district courts from enlarging the time, however, for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), (e) and (g), and 60(b). M. R. Civ. P. 6(b)(2).

¶15 Perjessy argues that the District Court properly analogized Rule 41(e) to Rule 4E in light of the rules' similar construction. Rule 41(e) provides that a plaintiff "*must*" serve the summons and complaint within the specified time period. Rule 4E provides that a plaintiff "*shall*" serve the summons and complaint within the specified time period. Perjessy asserts that the reasoning of *Otto* dictates that Rule 4E's time limit also must be mandatory and not subject to enlargement upon a showing of excusable neglect. Perjessy further contends, citing *Haugen v. Blaine Bank of Montana*, 279 Mont. 1, 6, 926 P.2d 1364, 1367 (1996), that the District Court's strict interpretation of Rule 4E's time limit prevents prejudice to the

5

defendant and bolsters the Rule's purpose of promoting "the diligent prosecution of claims once suit is filed."

¶16    Perjessy fails to reconcile, however, the apparent conflict between the District Court's interpretation of the plain language of Rule 4E and the plain language of Rule 6(b). Rule 6(b)(2) specifically provides for an enlargement of time for any time-limited action under the Rules of Civil Procedure except those explicitly prohibited, including M. R. Civ. P. 50(b) and (c)(2), 52(b), 59(b), (d), (e) and (g), and 60(b). Nothing in Rule 6(b)(2) explicitly prohibits district courts from enlarging the time for taking any action under Rule 4E. We interpret the expression of one thing in a statute to imply the exclusion of another under the canon *expressio unius est exclusio alterius*. *E.g. Dukes v. City of Missoula*, 2005 MT 196, ¶ 15, 328 Mont. 155, ¶ 15, 119 P.3d 61, ¶15 (internal citations omitted).

¶17    Moreover, this Court will harmonize two statutes relating to the same subject in order to give effect to both. *Yellowstone Federal Credit Union v. Daniels*, 2008 MT 111, ¶ 18, 342 Mont. 451, ¶ 18, 181 P.3d 595, ¶ 18. Rule 4E provides for a limited time action. Rule 6(b)(2) authorizes an enlargement of time for any rule for excusable neglect except those specifically prohibited. The two statutes cannot be in harmony if we interpret Rule 4E's use of "shall" to constitute mandatory language.

¶18    Federal courts interpreting identical Fed. R. Civ. P. 6(b)(2) have concluded, as we do, that the rule authorizes courts to enlarge time for service of process upon a showing of excusable neglect. *E.g. Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3rd Cir. 1988); *In re Teligent Services, Inc.*, 324 B.R. 467, 472 (Bkrtcy. S.D.N.Y. 2005). Perjessy argues,

however, that we cannot analogize the federal rules to the Montana Rules of Civil Procedure in light of the fact that the federal service of process provision, Fed. R. Civ. P. 4(m), includes a "good cause" exception to the time limit for service of process. Rule M. R. Civ. P. 4E includes no such exception. The federal rule's "good cause" exception has no relevance here, however, as we have not analyzed a district court's authority to enlarge the time period for service of process based upon a general good cause standard. We instead have analyzed the district court's authority based upon the explicit grant contained in M. R. Civ. P. 6(b) that provides for enlargement of time based upon "excusable neglect."

¶19     Our decisions interpreting Rule 41(e) have limited relevance here as they interpret a now abolished rule, and, also, because they fail to construe that rule in the context of Rule 6(b). *See Otto*; *Janow.* Rules 4E and 6(b) only harmonize if we construe Rule 6(b) as creating an explicit grant of authority to the district courts to enlarge the time for service of process upon a showing of excusable negligence. *Yellowstone*, ¶ 18. The District Court incorrectly determined that it lacked authority to grant a motion for enlargement of time to serve process pursuant to M. R. Civ. P. 4E and 6(b). *Tungsten Holdings*, ¶ 8.

¶20     *Whether the District Court properly concluded that Pesarik had failed to establish excusable neglect to warrant an extension of time to serve process upon Perjessy.*

¶21     Pesarik argues that she sufficiently demonstrated that excusable neglect warranted an extension of time to serve process upon Perjessy. Pesarik urges us to determine excusable neglect based upon the federal courts' interpretation of excusable neglect pursuant to Fed. R. Civ. P. 6(b)(2). The federal courts equate excusable neglect under Rule 6(b)(2) with a

showing of good cause. *E.g. MCI Telecoms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3rd Cir. 1995). A body of federal law exists that defines good cause for purposes of enlarging time for service of process. *See MCI Telecoms. Corp.*, 71 F.3d at 1097.

¶22 Perjessy correctly points out, however, that a separate body of law exists in Montana that defines excusable neglect differently than the federal courts, and separately from a good cause standard. We analyze excusable negligence under a more stringent standard than good cause. *Matthews v. Don K. Chevrolet*, 2005 MT 164, ¶ 11, 327 Mont. 456, ¶ 11, 115 P.3d 201, ¶ 11. A showing of excusable neglect generally requires justification for error beyond mere carelessness or ignorance of the law. *Empire Lath & Plaster, Inc. v. American Casualty Co.*, 256 Mont. 413, 417, 847 P.2d 276, 278 (1993). Neglect that is "due to forgetfulness and the press of other, more important business is not sufficient to establish excusable neglect." *Foster Apiaries, Inc. v. Hubbard Apiaries, Inc.*, 193 Mont. 156, 161, 630 P.2d 1213, 1216 (1981). A party's busy schedule or inattentiveness to the matter does not constitute excusable neglect. *Matthews v. Don K. Chevrolet*, 2005 MT 164, ¶¶ 13-15, 327 Mont. 456, ¶¶ 13-15, 115 P.3d 201, ¶¶ 13-15. Lack of knowledge of a clear rule of civil procedure similarly does not constitute excusable neglect that would justify relief from the rule. *Sadwosky v. City of Glendive*, 259 Mont. 419, 423, 856 P.2d 556, 559 (1993).

¶23 The District Court based its conclusion that Pesarik failed to establish excusable neglect on several factors. Pesarik had been aware that her former counsel no longer represented her since the spring or summer of 2006, at the latest. Pesarik obtained substitute counsel many months before the three-year time period expired. Pesarik's substitute counsel

chose to prepare a settlement proposal before he asked the District Court to issue a second summons to replace the lost original.

¶24 Pesarik counters that the District Court improperly ignored several facts that demonstrated excusable neglect. Pesarik points to her several attempts to serve Perjessy during late May 2007. Pesarik also emphasizes Perjessy's unavailability during that period. Pesarik further asserts that late service did not prejudice Perjessy as she missed the deadline by a matter of days. Pesarik does not explain, however, why she waited nearly seven months after obtaining substitute counsel before attempting service. She does not assert any justification that demonstrates that her neglect arose from something beyond mere carelessness. *Empire Lath & Plaster*, 256 Mont. at 417, 847 P.2d at 278. Pesarik does not assert that anything more than the press of business or forgetfulness justified the seven month delay. *Foster Apiaries*, 193 Mont. at 161, 630 P.2d at 1216. Pesarik argues on appeal, in fact, that her focus on the settlement proposal factored into the delay.

¶25 Pesarik further argues that the District Court's conclusion that she failed to demonstrate excusable neglect amounts to a determination that excusable neglect cannot exist where a party could have accomplished timely service. Pesarik contends that this interpretation would preclude a showing that excusable neglect warranted an enlargement of time to serve process pursuant to M. R. Civ. P. 6(b)(2). On the contrary, the District Court determined that Pesarik had failed to show specific factors based upon Montana decisional law that would demonstrate the existence of excusable neglect. *Foster Apiaries*, 193 Mont. at 161, 630 P.2d at 1216; *Empire Lath & Plaster*, 256 Mont. at 417, 847 P.2d at 278;

9

*Sadwosky*, 259 Mont. at 423, 856 P.2d at 559; *Matthews*, ¶¶ 13-15.  The District Court did not abuse its discretion when it denied Pesarik's motion for enlargement of time.  *In re Weber*, ¶¶ 21, 23.

¶26   We affirm the District Court's dismissal of Pesarik's complaint.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART

Justice Jim Rice, concurring.

¶27   While I agree with the Court's decision to affirm the District Court, I would do so on the basis that M. R. Civ. P. 4E does not allow a District Court the discretion to enlarge the time period for service of process, regardless of whether excusable neglect is shown.  I would not reach Issue 2.

¶28   In my view, the District Court properly relied on our previous case law construing former M .R. Civ. P. 41(e) in reaching its conclusion.  The language of Rule 4E is clear and unambiguous, providing that "[a] plaintiff shall have 3 years after filing a complaint to have a summons issued and accomplish service."  The language of Rule 41(e) was equally clear, stating that all actions "shall be dismissed by the court . . . unless summons issued within one year shall have been served and filed with the clerk of the court within three years after the commencement of said action."  There is no substantive difference between the time period

required for service under Rule 4E and former Rule 41(e), or with the mandatory language requiring service of the summons. I therefore believe the District Court was correct to rely on our case law which clearly prohibited enlargement of the time period for service of process under former Rule 41(e). *See Otto*, ¶ 20; *Janow*, ¶ 15; *Sinclair v. Big Bud Mfg. Co.*, 262 Mont. 363, 367, 865 P.2d 264, 266-67 (1993). Neither rule provided discretion to enlarge the three-year time period for purposes of "excusable neglect."

¶29 The Rules of Civil Procedure are meant to be construed to secure the just, speedy and inexpensive determination of every action. *Larango v. Lovely*, 196 Mont. 43, 47, 637 P.2d 517, 519 (1981) (citing M. R. Civ. P. 1). Permitting a plaintiff to seek relief from the three-year time period set forth in Rule 4E for service of process "is prejudicial to the defendant and defeats the purpose of the Rule which is to promote the diligent prosecution of claims once suit is filed." *Haugen v. Blaine Bank of Mont.*, 279 Mont. 1, 6, 926 P.2d 1364, 1367 (1996).

¶30 The Advisory Commission on Rules could have recommended an exception to the time rule, and this Court could have adopted one. Neither did. Instead of honoring that process and our case law, the Court reads an excusable neglect exception into Rule 4E by linking Rule 4E to Rule 6(b). However, Rule 6(b) existed when this Court interpreted the "plain language" of Rule 41(e), likewise not referenced by Rule 6(b), to contain mandatory limits on the time for service of process. We adhered to this holding unequivocally, repeatedly and expressly declining to create an excusable neglect exception to the time limits for service of process under Rule 41(e). *Otto*, ¶ 20; *Janow*, ¶ 15. The Court offers no reason

11

why our case law on this identical question should not be honored, nor any reason why the process of adopting Rule 4E should not be honored.

/S/ JIM RICE

Chief Justice Karla M. Gray and Justice James C. Nelson join the concurrence of Justice Jim Rice.

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON