DA 12-0149

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 230N

IN RE THE MARRIAGE OF
ROBIN J. CINI,

Petitioner and Appellee,

and

NIGEL CINI,

Respondent and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR 08-483(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Nigel J. Cini (Self-Represented), Kalispell, Montana

For Appellee:

James H. Cossitt, John Michael Myers, Attorneys at Law,
Kalispell, Montana

Submitted on Briefs:  August 29, 2012

Decided:  October 16, 2012

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On October 15, 2010, the Eleventh Judicial District Court, Flathead County, entered judgment in favor of Robin Cini and against Nigel Cini in the sum of $7,885.00 for delinquent child support and supervised parenting expenses owed by Nigel to Robin. On November 29, the District Court ordered Nigel to pay Robin reasonable attorney's fees and costs in the amount of $25,271.40. The Clerk of the District Court issued a writ of execution on December 21. On January 24, 2011, Nigel was served with the following: Notice of Levy on and Seizure of Property; Right to Claim Exemptions; and Execution #1. Nigel did not timely file an objection or any other papers in regard to the execution or levy.

¶3 On or about February 14, 2011, Robin's counsel asked the Flathead County Sheriff's Office to conduct a sheriff's sale pursuant to Title 25, chapter 13, part 7, MCA. Counsel further requested that the sale be conducted prior to April 19, 2011. The sale was not conducted until May 3, however. At that time, Robin purchased all of Nigel's rights, title, and interest in and to the following actions, recoveries, proceeds, or interests of any sort pending in the Eleventh Judicial District Court: *Cini v. Swarzenberger*, DV 09-1488(A), and *In the Matter of the Estate of Hanna M. Cini, deceased*, DP 09-67(A). The Sheriff's Office executed a Certificate of Sale of Personal Property,

2

dated May 10.  On May 23, Robin filed with the District Court a Partial Satisfaction of Judgment in which she advised the court that Nigel's interests in the foregoing actions had been sold for $3,141.35.

¶4     On July 19, 2011, Robin filed a motion for enlargement of time under Rule 6(b) of the Montana Rules of Civil Procedure.  She explained that the execution sale had not been conducted within 120 days after receipt of the writ of execution.  *See* § 25-13-402, MCA.  She calculated that the sale should have occurred by April 20, 2011, but instead occurred on May 3, which she noted was 13 days late.  Robin argued that this delay was through no fault of her own, but was instead because the Sheriff's Office did not have the ability to conduct the sale until May 3.  She requested that the District Court grant an extension under Rule 6(b)'s "excusable neglect" standard.

¶5     Based on § 71-3-1503, MCA, the District Court concluded that when the levy of the execution on Nigel occurred (on January 24, 2011), the levy created an officer's lien in favor of the officer who levied and the lien continued until the judicial sale occurred.  Thus, an enlargement of time was unnecessary to comply with this statute.  Furthermore, applying the standards set forth in *Pesarik v. Perjessy*, 2008 MT 337, ¶ 22, 346 Mont. 236, 194 P.3d 665, the District Court concluded that the delay in the execution sale was not the result of forgetfulness, Robin's schedule, inattentiveness to the matter, or lack of understanding the Rules of Civil Procedure, but was instead the result of the Sheriff's Office not having the ability or resources to conduct the sale until May 3, 2011.  The District Court observed that Robin had acted with good faith, diligence, and fairness in setting up and scheduling the sale, which ultimately occurred "a mere 13 days beyond the

3

expiration of the time period" in § 25-13-402, MCA. Moreover, the District Court noted that no party had been harmed or injured, or had even alleged harm or injury, due to the delay. Finally, the District Court observed that Nigel had failed to respond to the Notice of Levy in a timely manner, and thus his present objections were untimely. Accordingly, the District Court granted Robin's motion for enlargement of time under Rule 6(b) and extended the time to conduct the sale until May 3, 2011. Because the sale was conducted by that date, the District Court held that "[t]he Certificate of Sale of Personal Property is valid, confirmed, approved and adopted by the Court as binding for all purposes and is enforceable as a conveyance document."

¶6     Nigel now appeals, arguing that the District Court erred in various respects. Nigel acknowledges, however, that he failed to object to the issuance of the original writ of execution. Nigel further acknowledges that the District Court could have reissued a new writ of execution.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. An error must cause "substantial prejudice" to warrant reversal. *In re Marriage of Stevens*, 2011 MT 124, ¶ 22, 360 Mont. 494, 255 P.3d 154; *see also* M. R. Civ. P. 61 (2009) ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Having reviewed the briefs and the record on appeal, we conclude that Nigel has not established that the alleged errors on the part of the District Court caused him substantial prejudice.

¶8     Affirmed.

                                        /S/ JAMES C. NELSON


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS